1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROMEO V. APOSTOL,

11            Plaintiff,                No. CIV S-09-1563 JAM DAD PS

12        vs.

13   CASTRO VALLEY UNIFIED
     SCHOOL DISTRICT, et al.,

14
              Defendants.              ORDER

15   _____/

16            Plaintiff, an individual proceeding in propria persona, has filed an employment

17   discrimination action asserting jurisdiction pursuant to Title VII of the Civil Rights Act of 1964

18   and the ADEA.  Plaintiff has also applied to proceed in forma pauperis.  The case has been

19   referred to the undersigned pursuant to Local Rule 72-302(c)(21).

20            Plaintiff alleges discrimination, harassment, retaliation, and other violations of his

21   rights by the school district, the superintendent, the assistant superintendent, the operations

22   supervisor, the adult school director, the business services assistant superintendent, the director

23   of maintenance and operations, the site supervisor, and union representatives.  Plaintiff's claims

24   arise from events that occurred within the school district, which is located in the County of

25   Alameda.

26   /////

1

1    The federal venue statute provides that

2    [a] civil action wherein jurisdiction is not founded solely on
     diversity of citizenship may, except as otherwise provided in law,
3    be brought only in (1) a judicial district where any defendant
     resides, if all defendants reside in the same State, (2) a judicial
4    district in which a substantial part of the events or omissions giving
     rise to the claim occurred, or a substantial part of property that is
5    the subject of the action is situated, or (3) a judicial district in
     which any defendant may be found, if there is no district in which
6    the action may otherwise be brought.

7    28 U.S.C. § 1391(b).

8    Here, defendant Castro Valley Unified School District is located in Alameda

9    County and a substantial part, if not all, of the events or omissions giving rise to plaintiff's

10   claims occurred in Alameda County.  The action should have been brought in the United States

11   District Court for the Northern District of California because Alameda County is part of that

12   district.  See 28 U.S.C. § 84(a).  In the interests of justice, this action will be transferred to the

13   United States District Court for the Northern District of California for further proceedings,

14   including a ruling on plaintiff's application to proceed in forma pauperis and plaintiff's motion

15   for appointment of counsel.  See 28 U.S.C. § 1404(a).

16   Accordingly, IT IS ORDERED that this action is transferred to the United States

17   District Court for the Northern District of California.

18   DATED: June 12, 2009.

19

20   _____

21   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

22   DAD:kw
     Ddad1\orders.pro se\apostol1563.transfer
23

24

25

26

                                    2